**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY W. NELSON,<br><br>              Plaintiff,<br><br>      v.<br><br>CU RECOVERY, INC.,<br><br>              Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Jerry W. Nelson ("Plaintiff"), by and through his attorneys, Wajda Law Group, APC ("Wajda"), complaining of CU Recovery, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1.   Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692.

2.   Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California, and Defendant conducts business in the Eastern District of California and maintains significant business contacts in the Eastern District of California.

**PARTIES**

1

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of California.

5. Defendant is a debt collection agency organized under the laws of the state of Minnesota with its principal place of business located at 26263 Forest Boulevard, Wyoming, Minnesota 55092.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In July 2019, Plaintiff was mailed a letter dated July 29, 2019 ("collection letter") from Defendant which sought to collect a debt Plaintiff owed to Strata Credit Union ("subject debt").

8. The collection letter sent to Plaintiff was a standard form letter utilized by Defendant.

9. When Defendant mailed the collection letter to Plaintiff, Defendant was attempting to collect a consumer debt as defined by the FDCPA because the subject debt was incurred for personal and household items.

10. The collection letter Defendant mailed to Plaintiff listed a "Balance Due" of $298.75.

11. A true and accurate image of the collection letter is depicted on the following page:

**C.U. Recovery**

P.O. Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

26263 Forest Blvd. Wyoming, MN 55092 (800) 377-1798
Office Hours: M – F 9:00 a.m. until 5:00 p.m. CST

July 29, 2019

JERRY WALTER NELSON 
Bakersfield CA 93309-8755

C.U. Recovery, Inc.
26263 Forest Blvd.
Wyoming MN 55092-8033

| RE: Strata Credit Union | Account #: | Balance Due: $298.75 |
|---|---|---|

632-CTCURE10-49-04/17/18

| Creditor | Reference # | Amount |
|---|---|---|
| Strata Credit Union |  | $298.75 |
|  |  | $0.00 |
|  |  | $0.00 |
|  |  | $0.00 |
|  |  | $0.00 |
|  |  | $0.00 |
| TOTAL |  | $298.75 |

Dear JERRY WALTER NELSON,

Our records indicate that you are in default on the account described above. Our records also indicate our previous attempts to resolve this matter. The balance due remains unresolved. To avoid further collection activity, please check an option below and return this document to the address listed above.

☐ **OPTION #1**
　I have enclosed payment for the entire balance listed above.

☐ **OPTION #2**
　I will pay the balance of $298.75 in 2 monthly installments of $149.38. The first payment shall be made on ___/___/___. (Please insert the date you wish to make your first payment. In order for the payment arrangement to be accepted, the first payment must be made within 30 days of this correspondence.)

☐ **OPTION #3**
　If you are unable to agree to the terms listed above and would like other arrangements, please contact a representative at C.U. Recovery, Inc. to set up other arrangements.

Sincerely,

*SB - Dot Morgan*
SB - Dot Morgan
Direct Dial: 800-377-1798

C.U. Recovery, Inc.
26263 Forest Blvd.
Wyoming, MN 55092
(800) 377-1798

Call us at (800) 377-1798
To contact us or make a payment via our secure website, visit us at
www.curpaymentcenter.com

* * * * IMPORTANT NOTICE * * * *

This is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose.

This collection agency is licensed by the Minnesota Department of Commerce.

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

NC Department of Insurance Permit Number 113525

This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

3

12. The collection letter contained a column entitled "Amount," wherein the balance of $298.75 due to original creditor, Strata Credit Union, and the account number were listed in the top row.

13. Five subsequent rows listed an amount of "$0.00" and did not include the name of an original creditor or an account number.

14. When Plaintiff read the collection letter, a reasonable reading implied that the amount owed, with five rows of "$0.00" listed beneath it, could increase over time.

15. Accordingly, the collection letter failed to reasonably explain to Plaintiff whether the subject debt would or would not increase over time while the debt was being collected by Defendant.

16. Defendant's collection letter was written to suggest to consumers like Plaintiff that interest, fees, or some other amount could be added to the "Amount" column.

17. Based upon the inclusion of five lines of "$0.00" due in the "Amount" column, it is plausible for Plaintiff to understand the subject debt to be variable in character (subject to increase through the addition of interest or other fees) as opposed to static (not increasing over time).

18. The above misstatements affected and impacted the character of the subject debt.

19. The above misstatements had a material impact on Plaintiff, who read the collection letter shortly after their underlying debt had been assigned to Defendant for collection.

### DAMAGES

20. Defendant's misleading conduct has severely impacted Plaintiff's daily life and general well-being.

21. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

4

22. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

27. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

30. Defendant violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(10), 1692f through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692e**

31. Defendant violated §1692e and e(10) by using false, deceptive, and misleading representations in connection to the collection of the subject debt. The manner in which the collection letter listed five rows of "$0.00" due below the Strata Credit Union account in the

"Amount" column constitutes a false, deceptive or misleading representation or means to collect the subject debt, as Plaintiff was misled and confused about whether additional interest and/or fees could be added onto the amount of the subject debt.

32. Defendant violated §1692e(2)(A) because the formatting of the collection letter with five rows of "$0.00" due below the Strata Credit Union account in the "Amount" column constitutes a false representation regarding the character of the subject debt by suggesting that interest and/or other fees may accrue when that does not appear to be the case. There was no explanation as to why those five rows of "$0.00" were added to the "Amount" column, and this omission left Plaintiff confused as to the character of the subject debt.

**b.   Violations of FDCPA § 1692f**

33. Defendant violated §1692f by using unfair and unconscionable means to attempt to collect on the subject debt. Specifically, the manner in which the collection letter listed five rows of "$0.00" below the Strata Credit Union account in the "Amount" column is purposely unclear and confusing so as to coerce Plaintiff into immediately paying the subject debt for fear that additional interest and/or fees might be added onto the amount of the subject debt at a later date.

34. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through false, unfair, and misleading conduct to consumers.

35. Upon information and belief, Defendant systematically deceives consumers in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

36. Upon information and belief, Defendant systematically attempts to collect debts through misleading conduct and has no procedures in place to assure compliance with the FDCPA.

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JERRY W. NELSON, respectfully requests that this Honorable Court:
  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: April 30, 2020                             Respectfully submitted,

                                                 By: */s/ Nicholas M. Wajda*
                                                 Nicholas M. Wajda (State Bar No. 259178)
                                                 **WAJDA LAW GROUP, APC**
                                                 6167 Bristol Parkway, Suite 200
                                                 Culver City, California 90230
                                                 Telephone: 310-997-0471
                                                 Email: nick@wajdalawgroup.com
                                                 *Attorney for Plaintiff*